UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| B & C F D O INVESTMENTS #2 LLC ET AL | CASE NO. 6:24-CV-00365 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| REGIONS BANK ET AL | MAGISTRATE JUDGE DAVID J. AYO |

RULING

The present matter before the Court is a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by the defendants, Regions Bank and Regions Financial Corporation [ECF No. 13]. The plaintiffs, B & C FDO Investments #2, LLC, B & C FDO Investments #3, LLC, B & C FDO Investments #5, LLC, and Robert J Robichaux oppose the Motion [ECF No. 15].[1] After considering the parties' filings and the relevant authorities, the Court rules as follows.

I.
BACKGROUND

This case arises out of allegedly fraudulent charges posted to three Regions Bank deposit accounts owned by the B & C Entities.[2] Plaintiffs allege that, on December 20, 2022, Regions Bank's Fraud Department notified them of charges at stores in Florida that had been posted to one or more of their Regions Bank deposit accounts.[3] Plaintiffs contend that these charges were unauthorized and fraudulent.[4] Plaintiffs allege that they notified Regions Bank of additional

---

[1] The Court will refer to B & C FDO Investments #2, LLC, B & C FDO Investments #3, LLC, and B & C FDO Investments #5 collectively as the "B & C Entities."
[2] ECF No. 1-1. The complaint identifies a fourth Regions Bank deposit account owned by B & C FDO Investments #4. *Id.* at ¶ 3. However, it appears that this account did not suffer a loss as a result of the fraudulent charges and B & C FDO Investments #4 is not a plaintiff. *Id.* at ¶ 13.
[3] *Id.* at ¶ 4-5.
[4] *Id.*

1

fraudulent charges and transfers on December 21, 2022, and that Regions Bank informed them that "the transfers appeared to be on-going and happening in real time."[5] Plaintiffs were directed to a local Regions Bank branch, where the branch manager, James Harmon, verified that funds were being transferred out of the accounts owned by the B & C Entities.[6] Plaintiffs contend that Robichaux, a member of the B & C Entities, reported that his phone had been "hacked" and forwarded to "a landline in Vienna, Virginia."[7] Plaintiffs allege that Harmon told them that he would report the fraudulent transfers and charges to Regions Bank's Fraud Department.[8] However, according to Plaintiffs, they learned that Harmon and Regions Bank "did not process a request for reversal of the transfers until January 23, 2023, a period of over 30 days."[9] Regions Bank also allegedly failed to submit reversal requests for all of the accounts out of which funds were transferred.[10] Plaintiffs allege that a Regions Bank employee, Alicia Ledet, informed them on February 1, 2023, that Harmon had to submit a "request for return of funds" to the banks receiving the fraudulent transfers as well as "hold-harmless" agreements, but that Harmon had not sent the hold-harmless agreements.[11] Plaintiffs contend that, on February 16, 2023, they talked by phone with a Regions Bank corporate security employee, Frank Castillo, and "*again* fully explained the fraudulent transfers" and then emailed Castillo "a detailed timeline of the events."[12] Plaintiffs contend that, on March 7, 2023, Castillo confirmed that Harmon had not

---

[5] *Id.* at ¶ 5.
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.* at ¶ 6.
[10] *Id.*
[11] *Id.* at ¶ 9.
[12] *Id.* at ¶ 10 (emphasis in original).

sent the "hold-harmless" agreements even though the banks receiving the fraudulent transfers "had requested (but not received) indemnity from [Regions Bank] as early as January 23."[13]

Plaintiffs contend that, on March 7, 2023, they specifically requested information on the transfers from the account owned by B & C FDO Investments #3 LLC, Account No. ***0516. Plaintiffs contend that a total of $291,500 was fraudulently transferred from that account but that, as of March 7th, only $82,986.76 had been refunded to the account.[14] According to Plaintiffs, Castillo had responded by telling him that "the receiving banks had requested indemnity, but 'nothing since then.'"[15] Plaintiffs allege that they were advised to file a formal complaint with the bank regarding the transfers, which they did on March 13, 2023.[16] However, they allege that "[d]espite multitudinous requests, personal meetings and inquiries from the petitioners, neither Mr. Castillo nor Regions Bank nor any other representative has further advised of the status of the original fraud investigation or of the investigation conducted pursuant to" their complaint.[17] Plaintiffs were later informed that Regions Bank had closed the investigation on October 3, 2023.[18]

Plaintiffs filed suit in the 15th Judicial District Court ("JDC"), Lafayette, Louisiana, on February 8, 2024. Plaintiffs' state court petition asserts state-law causes of action negligence, breach of contract, and "legal fault."[19] Specifically, Plaintiffs ground their claims on allegations of alleged wrongdoing, including:

> "(a) Allowing unauthorized and fraudulent transfers from Petitioners' Accounts;

---

[13] *Id.* at ¶ 9.
[14] *Id.* at ¶ 11.
[15] *Id.*
[16] *Id.* at ¶ 12.
[17] *Id.*
[18] *Id.*
[19] *Id.* at ¶ 14.

3

(b) Failure to exercise ordinary care and paying the items, which failure substantially contributed to Petitioners' losses;

(c) Failure to promptly investigate, process and reverse the unauthorized payments and fraudulent transfers from Petitioners' Accounts;

(d) Failure to provide the necessary indemnity agreements to the receiving banks;

(e) Failure to enact and/or enforce reasonable procedures for the investigation, processing and correction of unauthorized payments and fraudulent transfers;

(f) Breach of its statutory and regulatory duties, including failure to provide all regulatory disclosures to petitioners;

(g) Breach of its depository contracts with petitioners;

(h) Failure to act in good faith; and,

(i) Such other fault as may be discovered and proven at trial."[20]

Plaintiffs claim total losses of approximately $113,184.[21] Regions Bank timely removed the case to federal court based on diversity jurisdiction under 28 U.S.C. § 1332, and then filed the present Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.
### RELEVANT STANDARD

Under Rule 8(a)(2) of the Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Accordingly, to "survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'"[22] The facts alleged, taken as true, must state a claim that is plausible on its face.[23] "A claim has

---

[20] *Id.*
[21] *Id.* at ¶ 13.
[22] *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-57 (2007).
[23] *Amacker v. Renaissance Asset Mgmt. LLC*, 657 F.3d 252, 254 (5th Cir. 2011).

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[24] A complaint is not sufficient if it offers only "labels and conclusions," or "a formulaic recitation of the elements of a cause of action."[25]

### III.
### DISCUSSION

**A. Negligence Claims.**

**1. Prescription.**

Under *Erie Railroad Co. v. Tompkins*,[26] a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. State statutes of limitations, as well as "integral part[s]" of the statutes of limitations like tolling and equitable estoppel, are treated as substantive for the purposes of the *Erie* doctrine.[27] Accordingly, Louisiana law applies to the Court's determination of whether Plaintiffs' negligence claims have prescribed. Tort claims brought under Louisiana law are subject to a one-year period of liberative prescription.[28] Prescription commences when a plaintiff obtains actual or constructive knowledge of facts indicating that he is the victim of a tort.[29] Although an affirmative defense, prescription may support dismissal under Rule 12(b)(6) "where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like."[30]

---

[24] *Ashcroft v. Iqbal*, 556 U.S. 662, 677-80 (2009).
[25] *Id.* (quoting *Twombly*, 550 U.S. at 554-57).
[26] 304 U.S. 64 (1938); *see also Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991).
[27] *Guaranty Trust v. York*, 326 U.S. 99(1945); *Hollander v. Brown*, 457 F.3d 688, 694 (7th Cir. 2006) (quoting *Walker v. Armco Steel Corp.*, 446 U.S. 740(1980)).
[28] La. Civ. Code art. 3492.
[29] *Bailey v. Khoury*, 891 So.2d 1268, 1276 (La. 2005).
[30] *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (citations omitted).

Regions Bank frames Plaintiffs' negligence claims as based on an "alleged failure to timely effectuate reversals of the fraudulent transfers."[31] Regions Bank argues that Plaintiffs had actual or constructive knowledge of the facts underlying their negligence claims no later than February 1, 2023. According to Regions Bank, by February 1, 2023, Plaintiffs knew that Regions Bank had sent the request for reversals on Plaintiffs' accounts except for Account No. ***0516, and that Regions Bank had not sent the hold-harmless agreements that have been requested by the receiving banks.[32] The prescriptive period therefore expired no later than February 1, 2024 and, because Plaintiffs' state court proceeding was not filed until February 7, 2024, Plaintiffs' negligence claims are barred.[33]

Plaintiffs appear to ground their negligence claims on five alleged breaches by Regions Bank: (1) that Regions Bank allowed "unauthorized and fraudulent transfers from Petitioners' accounts;" (2) Regions Bank failed "to exercise ordinary care in paying the items, which failure substantially contributed to Petitioners' losses;" (3) Regions Bank failed to "promptly investigate, process and reverse the unauthorized payments and fraudulent transfers from petitioner's account;" (4) Regions Bank's failure "to provide the necessary indemnity agreements to the receiving banks;" and (5) Regions Bank's failure "to enact and/or enforce reasonable procedures for the investigation, processing and correction of unauthorized payments and fraudulent transfers."[34] The first two grounds appear to state distinct negligence claims arising from the initial fraudulent transfers in December 2022 and Regions Bank's alleged failure to prevent the transfers in the first place. These claims are separate and distinct from claims

---

[31] ECF No.13-1 at 7.
[32] *Id.*
[33] *Id.*
[34] *Id.* at 14.

based on Regions Bank's subsequent actions or inactions with respect to recovering the transfers. With respect to claims based on the initial transfers, the Court agrees with Regions Bank that Plaintiffs had actual or constructive notice of these claims no later than December 2022 and that the negligence claims based on the failure to prevent the initial transfers have prescribed based on the allegations in the complaint. Accordingly, the Court grants the Motion to Dismiss with respect to these negligence claims. These claims are dismissed with prejudice.

The remaining negligence claims relate to Plaintiffs' allegation that Regions Bank failed to timely investigate and recover the fraudulent transfers. It is less clear from the face of the complaint whether these claims have prescribed. The complaint alleges that, on February 1, 2023, Plaintiffs learned that Regions Bank had not yet sent the required hold-harmless agreements to the receiving banks. But the complaint further alleges that Plaintiffs held a phone conference with Regions Bank's corporate security officer explaining the transfers and providing a detailed timeline of events on February 16th (after the cut-off for purposes of prescription), and that on March 7, 2023, Plaintiffs made a specific inquiry about the status of Account No. ***0516. They learned that, as of March 7, 2023, only $82,986.76 of the fraudulent transfers had been refunded. On March 13, 2023, Plaintiffs commenced the formal complaint process with Regions Bank, but that complaint was not resolved until October 2023.

Accordingly, as of February 8, 2023 (the cut off for purposes of prescription) the allegations show that Plaintiffs knew only that the hold-harmless agreements had not been sent as of that date. As late as March 2023, attempts to recover the fraudulent transfers were still ongoing. For example, while Plaintiffs allege only $82,986.76 of the fraudulent transfers from Account No. ***0516 had been recovered as of March 7, 2023, their complaint alleges that $179,914.45 of the transfers were ultimately recovered on that account. Accordingly, it appears

that over $96,000 of the transfers were recovered after March 7th. In sum, given the allegations about the ongoing efforts to recover the transfers after February 8, 2023, it is not evident from the face of the complaint that Plaintiffs' negligence claims based on the investigation and recovery of the fraudulent transfers prescribed prior to the filing of this action on February 8, 2024. Accordingly, the Court denies the Motion to Dismiss with respect to these claims.

   2. **Failure to State a Claim.**

Regions Bank next argues that Plaintiffs have failed to state negligence claims under Louisiana law. They argue that Plaintiffs have merely pled legal conclusions, not facts, and that Plaintiffs have not pled facts showing that Regions Bank owed them a duty of care or that the losses from the fraudulent transfers were caused by Regions Bank. Under Louisiana law, a negligence claim requires proof that: (1) the defendant owed the plaintiff a duty to conform its conduct to a specific standard of care; (2) the defendant breached that standard of care; (3) this breach was a legal cause of the Plaintiffs' injuries; and (4) the plaintiff sustained actual damages.[35] The Court has reviewed the allegations in the complaint and finds that those allegations, taken as true, are sufficient to state negligence claims under Louisiana law. Accordingly, the Motion to Dismiss is denied with respect to Regions Bank's argument that Plaintiffs have not stated viable negligence claims under Louisiana law.

   **B. Contract Claims.**

Regions Bank next challenges Plaintiffs' contract claims. Under Louisiana law, the essential elements of a breach of contract claim are: (1) the parties consented to be bound through offer and acceptance; (2) the obligor breached the contract by failing to perform an agreed

---

[35] *Bufkin v. Felipe's Louisiana, LLC*, 171 So.3d 851 (La. 10/15/14).

obligation; and (3) the obligee incurred damages as a result.[36] Here, Plaintiffs' breach of contract claims appear to be based on their allegation that Regions Bank "[b]reach[ed] its depository contracts with petitioners."[37] Plaintiffs, however, fail to identify the depository agreements they allege have been violated or the contractual provisions that they contend Regions Bank breached. Rule 8(a) and *Twombly* require Plaintiffs to plead sufficient facts to show their entitlement to relief— "including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'"[38] Plaintiffs' cursory and conclusory breach of contract allegations do not meet these standards. Because Plaintiffs' claims were originally filed in state court pursuant to state court rules and because this is the first motion to dismiss, the Court will grant Plaintiffs leave to file an amended complaint to cure the defects in their contract claims. Accordingly, the Court will deny the Motion to Dismiss with respect to the breach of contract claims but order Plaintiffs to file an amended complaint within thirty (30) days addressing these defects. If an amended complaint is not filed within thirty days, the Court will dismiss the contract claims with prejudice.

### C. Claims for "Legal Fault."

Regions Bank next challenges Plaintiffs' claims for "legal fault." In reviewing the complaint, it is unclear what causes of action plaintiffs are attempting to assert with respect to their claims for "legal fault." It appears that they are basing these claims on their allegations that: (1) Regions Bank breached "its statutory and regulatory duties, including failure to provide all regulatory disclosures to plaintiffs;" (2) Regions Bank "[f]ail[ed] to act in good faith;" and

---

[36] *84 Lumber Co. v. F.H. Paschen*, 2017 WL 3425955, at *2 (E.D. La. Aug. 8, 2017); *Hayes Fund for the First United Methodist Church of Welsh, LLC v. Kerr-McGee Rocky Mt., LLC*, 193 So.3d 1110, 1115 (La. 2015).
[37] ECF No. 1-1 at ¶ 14(g).
[38] *Cuvillier*, 503 F.3d at 401 (quoting *Twombly*, 550 U.S. at 554-57).

(3) Regions Bank is responsible for "such other fault as may be discovered and proven at trial."[39] Like Plaintiffs' breach of contract allegations, these barebone, conclusory allegations do not provide Regions Bank with fair notice of the claims Plaintiffs are asserting, nor do they include sufficient facts to show Plaintiffs' entitlement to relief for "legal fault" and thus do not satisfy Rule 8(a)(2) or *Twombly*. However, as with the contract claims, the Court will grant Plaintiffs leave to file an amended complaint within thirty (30) days to cure these defects. The Motion to Dismiss is denied with respect to the claims for "legal fault." If an amended complaint is not filed within thirty (30) days, the Court will dismiss these claims with prejudice.

### D. Claims by Robert J. Robichaux.

The complaint also includes claims by Robert J. Robichaux. The complaint identifies the B & O Entities—Louisiana limited liability companies (LLCs)—as the owners of the accounts and the parties that suffered damages as a result of Regions Bank's actions or inactions.[40] Robichaux is identified as a member of the B & O Entities but is not alleged to be an owner of the bank accounts at issue or to have any ownership interest in the funds that were fraudulently transferred. Nor are there facts in the complaint showing that a plausible claim by Robichaux could be asserted if Plaintiffs were granted leave to replead. Accordingly, Plaintiffs have failed to state a claim on behalf of Robichaux, and the Court will grant the Motion to Dismiss with respect to Robichaux's claims. These claims are dismissed with prejudice.

## IV.
## CONCLUSION

For the reasons explained above, the Court GRANTS in part and DENIES in part Regions Bank's Motion to Dismiss under Rule 12(b)(6) [ECF No. 13]. The Court GRANTS

---

[39] ECF No. 1-1 at ¶ 14(f),(h), and (i).
[40] ECF No. 1-1 at ¶¶ 3, 13.

the Motion with respect to the negligence claims based on the initial transfers as explained above and with respect to the claims asserted on behalf of Robert J. Robichaux. These claims are dismissed WITH PREJUDICE. In all other respects the Motion to Dismiss is DENIED. Plaintiffs have thirty (30) days to file an amended complaint addressing the defects in their contract and "legal fault" claims as explained above.

    THUS DONE in Chambers on this 7th day of February, 2025.

                                          ROBERT R. SUMMERHAYS
                                         UNITED STATES DISTRICT JUDGE